IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TERRY TYLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-25-02363 |
| JPMORGAN CHASE BANK, N.A., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Terry Tyler ("Plaintiff") filed this lawsuit against a series of defendants alleging negligent and willful violations of the Fair Credit Reporting Act ("FCRA"). ECF 1. Two motions are currently pending, and Plaintiff has not opposed either one.[1] First, Defendant Navy Federal Credit Union ("NFCU") has filed a motion to dismiss for failure to state a claim, ECF 48. Second, Defendant Bridgecrest Credit Company, LLC ("Bridgecrest") has filed a motion to compel arbitration, ECF 50. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, both unopposed motions will be granted.

I.  **NFCU's Motion to Dismiss**

NFCU correctly notes that Plaintiff has failed to plead grounds plausibly establishing his entitlement to relief as required by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Plaintiff's Complaint alleges that Plaintiff disputed NCFU's entry in his credit file and that NFCU failed to correct the errors. ECF 1 ¶¶ 23–25. It further alleges that NFCU is a "furnisher" of information to

---

[1] Plaintiff's counsel should note, for future reference, that for court administration purposes (and as a matter of courtesy to opposing counsel) it is preferable if counsel would notify all parties if requested relief is unopposed, rather than simply allowing deadlines to elapse without filing any response.

consumer reporting agencies ("CRAs"). ECF 1 ¶ 7. However, the Complaint expressly defines "the Furnisher Defendants" by reference to two paragraphs of the Complaint which do not mention NFCU. *Id.* ¶ 42 (referencing paragraphs 15 and 22). And the relevant counts of the Complaint assert claims only against Equifax Information Services, LLC and "the Furnisher Defendants," a defined term. *Id.* ¶¶ 49–51, 60–62. As pleaded, then, Plaintiff's complaint does not state any claims for relief against NFCU, and NFCU's motion to dismiss will be granted, without prejudice.

## II.     Bridgecrest's Motion to Compel Arbitration

Plaintiff's complaint against Bridgecrest arises out of Bridgecrest's furnishing of information, as a loan servicer, to CRAs. ECF 1 ¶ 6. Specifically, Plaintiff alleges that Bridgecrest falsely reported that disputed information was accurate and complete. *Id.* at ¶ 35. The retail contract providing the financing in question was executed by Plaintiff and Carvana, LLC for Plaintiff's purchase of a used vehicle. ECF 50-3. Along with the purchase agreement, the parties executed an Arbitration Agreement, which was incorporated by reference into the contract. *Id.*; ECF 50-5. The Arbitration Agreement states, "[u]nless prohibited by applicable laws, any Claim shall be resolved, in your election or ours, by arbitration under this Agreement." ECF 50-5 at 4. The Arbitration Agreement defines "Us/We/Our" as Carvana and "any . . . servicer of the Contract." *Id.* at 2. And it broadly defines "Claim" to include, in relevant part, claims "related to . . . [t]he collection of amounts you owe us." *Id.* at 3. In fact, it specifically explains that "'Claim' has the broadest reasonable meaning. It includes claims of any kind and nature." *Id.* The Arbitration Agreement afforded Plaintiff the opportunity to reject the arbitration provisions, but she did not send a rejection notice as required to opt out of arbitration. ECF 50-2 ¶ 9.

Because the sale of this vehicle occurred in Maryland, Maryland law regarding contract formation applies to the question of whether the parties reached a contract to arbitrate this dispute.

2

In addition to the standard requirements necessary to form a contract, Maryland law requires independent consideration to support an arbitration provision. *Noohi v. Toll Bros.*, 708 F.3d 599, 614 (4th Cir. 2013). Where a Court finds a valid written arbitration agreement and a dispute within the scope of the agreement, it must compel arbitration. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649–50 (1986); *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997).

Here, Plaintiff executed an enforceable Arbitration Agreement that was supported by consideration because both sides agreed to waive their rights to proceed in court and to proceed via arbitration if disputes arose. *See Johnson v. Cir. City Stores,* 148 F.3d 373, 378 (4th Cir. 1998) (noting that "an arbitration agreement [is] supported by adequate consideration where both parties agree[] to be bound by the arbitration process"). The claims Plaintiff has asserted against Bridgecraft fall within the broad scope of that agreement. Accordingly, this Court must compel arbitration of the claims.

The Federal Arbitration Act generally requires courts to stay their proceedings until any issue referable to arbitration has been adjudicated. *See* 9 U.S.C. § 3; *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). As the Fourth Circuit has explained, however, "Notwithstanding the terms of § 3 . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc*., 252 F.3d 707, 709-10 (4th Cir. 2001). Because all of the claims against Bridgecrest are arbitrable, this Court will dismiss the claims against it, allowing this case to proceed as to the remaining defendants.

### III.   CONCLUSION

For the reasons set forth above, NFCU's motion to dismiss, ECF 48, and Bridgecrest's motion to compel arbitration, ECF 50, will be GRANTED. The claims against both defendants will be dismissed without prejudice. A separate Order follows.

Dated:  December 3, 2025                                            /s/
                                                                                Stephanie A. Gallagher
                                                                                United States District Judge